**FILED**

AUG 2 6 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

JUAN M. SAHAGUN PELAYO,                )
                                       )
                  Plaintiff,           )
                                       )
        v.                             )       Civil Action No.  11 - 1430
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                  Defendant.           )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the

doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's statement of claim reads as follows:

> Breach of Contract and Negligence in Failure to provide protection, protect confidentiality, satisfy payment obligations, and Assure Indemnification from prosecution.

Compl. at 5.  He demands compensatory damages of $1.5 million plus "an undisclosed amount in Punitive Damages." *Id.*  Because the pleading sets forth no factual allegations to support any of these claims, it fails to give fair notice to the defendant of the claims asserted against it.  The complaint fails to comply with Rule 8(a), and, therefore, it will be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: 8/25/2011

2