FILED
OCT 31 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN M. SAHAGUN PELAYO, )
)
        Plaintiff, )
)
v. ) Civil Action No. 11-1430
)
UNITED STATES OF AMERICA, )
)
        Defendant. )

## MEMORANDUM ORDER

Plaintiff's original statement of claim read as follows:

> Breach of Contract and Negligence in Failure to provide protection, protect confidentiality, satisfy payment obligations, and Assure Indemnification from prosecution.

Compl. at 5. He demanded compensatory damages of $1.5 million plus "an undisclosed amount in Punitive Damages." *Id.* The Court dismissed the complaint without prejudice under Rule 8(a) of the Federal Rules of Civil Procedure because the pleading set forth no factual allegations to support any of these claims, and thus failed to give fair notice to the defendant of the claims asserted against it. This matter comes before the Court on review of plaintiff's Response to Order of Denial Requesting Additional Substantiation with Request to Re-Open Complaint and Move to Hearing Based Upon the Following All as a Condition of Rule 8 Establishing Reasonable Grounds. The Court construes this document as a motion to vacate the dismissal order and to reopen the case.

Attached to the motion is a document titled "Additional Grounds for Consideration"

1

which, read together with the original statement of claim, cures the defect identified previously. The Court construes plaintiff's complaint as bringing breach of contract and negligence claims against the United States arising from its failure to honor its obligations to pay and protect plaintiff who provided information to law enforcement officers pursuant to a mutual agreement. Still, the complaint is subject to dismissal.

It appears that plaintiff's sole means of recovery on his negligence claim comes under the Federal Tort Claims Act ("FCTA"), *see* 28 U.S.C. § 1346(b)(1). The FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a). It does not appear that plaintiff has exhausted his administrative remedies by having presented his claim first to the appropriate agency and, absent exhaustion, this Court lacks subject matter jurisdiction. *See McNeil*, 508 U.S. at 113.

This Court also is without authority to resolve plaintiff's breach of contract claim. Although a district court "has original jurisdiction . . . of . . . [a] civil action or claim against the United States, not exceeding $10,000 in amount, . . . upon any express or implied contract with the United States," 28 U.S.C. § 1346(a), plaintiff's claim exceeds the dollar limit set forth in the statute.

Accordingly, it is hereby

ORDERED that plaintiff's Response to Order of Denial Requesting Additional Substantiation with Request to Re-Open Complaint and Move to Hearing Based Upon the

Following All as a Condition of Rule 8 Establishing Reasonable Grounds is DENIED.

SO ORDERED.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 26 October 2011